NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
APR 05 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

RAYMOND HOF,

    Plaintiff,

v.

JAMES JANCI, ESQ., HUNTERDON COUNTY PROSECUTOR'S OFFICE, JOHN DOE 1-10, GOVERNMENTAL AGENCY 1-10

    Defendants.

Civ. No. 17-295

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on an unopposed motion to vacate default brought by Defendants James Janci, Esq. ("Defendant Janci") and Hunterdon County Prosecutor's Office ("Defendant HCPO") (collectively "Defendants"). (ECF No. 8). The Court has decided the motion after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendants' motion is granted.

## BACKGROUND

Plaintiff filed the Complaint in this matter on January 16, 2017. (*See* ECF No. 1). Plaintiff alleges that Defendant Janci purposefully lied to Plaintiff's parole officer, and as a result, Plaintiff was unlawfully arrested and imprisoned until February 20, 2015. (*Id.*). Plaintiff's Complaint includes claims against Defendant Janci and Defendant HCPO for civil rights violations, malicious prosecution, misrepresentation, fraud, and false imprisonment. (*Id.*). It appears that Defendant HCPO was served on January 18, 2017 and Defendant Janci was

1

served on January 28, 2017. (ECF Nos. 3, 5). The Clerk of Court entered default for failure to plead or otherwise defend against Defendant HCPO on February 14, 2017 and against Defendant Janci on February 24, 2017. (*See* ECF Entry dated February 14, 2017; ECF No. 7). On March 7, 2017, both Defendants filed the instant motion to vacate default. (ECF No. 8).

## LEGAL STANDARDS

To set aside an entry of default, Federal Rule of Civil Procedure 55 permits "[t]he court [to] set aside an entry of default for good cause" at its discretion. Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entry of defaults are not favored and doubtful cases are to be resolved in favor of the party moving to set aside the default so that cases may be decided on the merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). When determining whether to vacate default, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *Id.*

## ANALYSIS

First, the Court considers whether Plaintiff will be prejudiced by Defendants' delay. Plaintiff has not opposed Defendants' motion, and therefore, has not indicated that he will be prejudiced. Nor does the Court conclude that Plaintiff will be prejudiced in any substantial way by Defendants' delay. Second, the Court considers whether Defendant has a meritorious defense. Defendants argue that Plaintiff's Complaint fails to state a claim, and that the claims may be barred by prosecutorial and qualified immunity. For the purposes of this motion, the Court is persuaded that Defendants may have a meritorious defense. Finally, the Court considers whether the default was the result of the Defendants' culpable conduct. When a Defendant acts "willfully" or in "bad faith," that will lead to a finding that a Defendant has engaged in culpable

2

conduct. *Hritz v. Woma Corp.*, 732 F.2d 1182–83 (3d Cir. 1984). It appears that Defendants' failure to timely respond to the Complaint in this matter was the product of bureaucratic delay or simple oversight on the part of Defendants. The Court is not persuaded that this constitutes culpable conduct. Viewing all of the factors together, the Court is persuaded that the Clerk's entry of default should be vacated.

## CONCLUSION

For the reasons stated herein, Defendants' motion is granted. An appropriate order will follow.

_____
ANNE E. THOMPSON, U.S.D.J.

Date: 4/4/17

3